IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNE M. HART,

                Plaintiff,                OPINION AND ORDER

    v.                                            08-cv–07-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.

---

On August 11, 2008, I remanded this case to the commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) because the administrative law judge made a conclusory credibility finding and took an overly simplistic view of the treating source statements regarding plaintiff's work abilities. Now before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees in the amount of $6,049.75 and costs in the amount of $16.80. Defendant does not dispute the amount of the fees and costs sought but does dispute the characterization of his position as unjustified. Because I find that defendant's position was unjustified, I will grant the petition for an award of fees and costs in the total amount of $6,066.55.

1

FACTS

The relevant facts are set forth in the opinion and order of August 11, 2008. To recap, plaintiff argued that the administrative law judge failed to provide discernible reasons for rejecting her subjective complaints under Social Security Ruling 96-7p. I found that the administrative law judge failed to explain how he weighed the evidence and why he thought that certain evidence detracted from plaintiff's credibility. I also found that the administrative law judge erred to the extent that he relied on Dr. Sturm's March 24, 2005 statement for finding plaintiff's subjective complaints not credible because Dr. Sturm did not indicate that plaintiff was capable of performing sedentary work full-time.

Plaintiff also argued that the administrative law judge considered only select portions of certain medical opinions in deciding that she could perform full-time sedentary work. I agreed, finding that the administrative law judge did not explain why he rejected certain findings made by two occupational therapists that supported plaintiff's claim.

OPINION

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "'a reasonable basis in law and fact.'" Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). To satisfy the substantial justification

2

standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet his burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action. Pierce, 487 U.S. at 565.

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action which gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil

3

action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action"). Thus, fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. Marcus, 17 F.3d at 1036. The decision of the administrative law judge is considered part of the defendant's prelitigation conduct, making an examination of that conduct necessary to the substantial justification inquiry. Golembiewski, 382 F.3d at 724.

The commissioner argues that his position was substantially justified because the record as a whole supported the administrative law judge's determination and his error was only his failure to articulate his reasons for not finding plaintiff's subjective complaints credible. As the commissioner points out, the Court of Appeals for the Seventh Circuit has held that an administrative law judge's failure to satisfy the articulation requirement "in no way necessitates" a finding that the commissioner's position was not substantially justified. Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992). See also Cunningham v. Barnhart, 440 F. 3d 862, 965 (7th Cir. 2006) (finding commissioner's position substantially justified because objective medical evidence supported administrative law judge's decision, "even though the ALJ was not as thorough in his analysis as he could have been"). At the same time, however, the court has not held that a failure to satisfy the articulation requirement

4

can *never* support a finding that the commissioner's position was not substantially justified. Having reviewed the administrative law judge's decision, my order on the merits and the parties' briefs, I am persuaded that neither the government's pre-litigation nor litigation position in this case was substantially justified. Although the articulation requirement is "deliberately flexible," Stein, 966 F.2d at 319, the administrative law judge's assessment of plaintiff's credibility was so lacking in reasoning that it defied informed review. To defend it, the commissioner had to resort to *post-hoc* rationale, offering reasons for the credibility determination that appeared nowhere in the administrative law judge's decision. However, both Social Security Ruling 96-7p and cases from the Seventh Circuit require the administrative law judge---not the commissioner's lawyers---to articulate specific reasons for his credibility finding. Golembiewski v. Barnhart, 322 F.3d 912, 915-16 (7th Cir. 2003); Brindisi ex rel. Brindisi v. Barnhart, 315 F.3d 783, 787-88 (7th Cir. 2003). Thus, even if the commissioner's position that plaintiff was not disabled might have had a reasonable basis in fact, it lacked a reasonable basis in law. Rather than attempting to salvage the administrative law judge's patently deficient decision, the commissioner would have been wiser to send the case back to the agency for more articulation.

Moreover, the administrative law judge's errors in this case went beyond a failure to articulate. In addition to failing to explain how he evaluated plaintiff's subjective complaints, the administrative law judge undertook a selective review of the reports from

5

plaintiff's treating physician and occupational therapists, noting only the findings that supported his conclusion that plaintiff could perform sedentary work and ignoring other statements indicating that plaintiff could not perform such work on a full-time basis. However, an administrative law judge must consider all relevant evidence, not just that which supports his final conclusion. <u>Clifford v. Apfel</u>, 227 F.3d 863, 871 (7th Cir. 2000). As I noted in my August 11 opinion, the administrative law judge's failure to give thorough consideration to the reports of the occupational therapists was either a "significant omission or a serious logical flaw." This error, combined with his failure to articulate the reasons behind his credibility assessment, led to a decision that fails to give assurance that the administrative law judge fairly and fully considered the evidence. It was not reasonable for the government to attempt to defend that decision. Accordingly, I will grant the plaintiff's request for attorney fees and costs in the total amount of $6,066.55.

ORDER

IT IS ORDERED that the petition of plaintiff for an award of attorney fees and expenses under the Equal Access to Justice Act is GRANTED. Plaintiff is awarded fees and costs in the amount of $6,066.55.

Entered this 29th day of December, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge